**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BALDO BELLO, | |
| Plaintiff, | |
| v. | |
| VILLAGE OF SKOKIE, ANTHONY SCARPELLI, ALFREDO LOPEZ, MICHAEL KRUPNIK, CHRISTA BALLOWE, and ALBERT RIGONI, | Case No. 14 CV 01718 <br><br> Judge Matthey F. Kennelly |
| Defendants. | JURY TRIAL DEMANDED |

**<u>FIRST AMENDED COMPLAINT</u>**

Plaintiff Baldo Bello ("Officer Bello"), through his undersigned counsel, against

Defendants, the Village of Skokie ("the Village" or "Skokie"), Anthony Scarpelli

("Scarpelli"), Alfredo Lopez ("Lopez"), Michael Krupnik ("Krupnik"),  Christa Ballowe

("Ballowe"), and Albert Rigoni ("Rigoni"), alleges as follows:

1.     Officer Bello brings this action to redress acts of discrimination in

violation of his rights pursuant to the Uniformed Services Employment and

Reemployment Rights Act, 38 U.S.C. §4301, *et seq.* (hereinafter "USERRA") (Count I); to

redress acts of retaliation in violation of USERRA (Count II); to redress acts of

discrimination and retaliation in violation the First Amendment as enforced by the Civil

Rights Act, 42 U.S.C. § 1983 (Count III); to redress acts of discrimination in violation the

Fourteenth Amendment as enforced by the Civil Rights Act, 42 U.S.C. § 1983 (Count IV);

and to redress violations of the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq*. (Count V).[1]

2.      This Court has jurisdiction pursuant to 38 U.S.C. § 4323(b)(2), 42 U.S.C. § 1983 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiff and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

## The Parties

4.      Officer Bello has been employed with the Village, through its Police Department, since January 3, 2006 and holds the rank of police officer.

5.      Officer Bello is also a Staff Sergeant in the United States Marine Corps (hereinafter "the Marine Corps").

6.      The Village is a municipality incorporated under the laws of the State of Illinois. The Village administers itself through its departments, one of which is the Police Department.

---

[1] Officer Bello has also filed a complaint with the Illinois Department of Human Rights (IDHR) alleging that the Village's policy violates the Illinois Military Leave of Absence Act (5 ILCS 325/1 (West 2010)).  Officer Bello expects to seek leave of court to add this count to the complaint upon receipt of the finding by the IDHR.

7.      At all relevant times, Defendant Anthony Scarpelli has served as the Chief of the Police Department.

8.      Defendant Scarpelli was a policy maker for the Police Department and has final policy-making authority and/or was delegated with final policy-making authority with regard to conduct alleged herein.

9.      Defendant Scarpelli acted under color of law.

10.      At all relevant times, Defendant Alfredo Lopez has served as a Deputy Chief of the Police Department.

11.      Defendant Lopez was delegated with final policy-making authority with regard to conduct alleged herein.

12.      Defendant Lopez acted under color of law.

13.      At all relevant times, Defendant Michael Krupnik served as a Commander with the Police Department.

14.      Defendant Krupnik was delegated with final policy-making authority with regard to conduct alleged herein.

15.      Defendant Krupnik acted under color of law.

16.      At all relevant times, Defendant Christa Ballowe served as the Personnel Director for the Village.

17.      Defendant Ballowe was delegated with final policy-making authority with regard to conduct alleged herein.

18.     Defendant Ballowe acted under color of law.

19.     Defendant Albert Rigoni is the Village Manager and Chief Administrative Officer of the Village.

20.     Defendant Rigoni was delegated with final policy-making authority with regard to conduct alleged herein.

21.     Defendant Rigoni acted under color of law.

## Factual Allegations

22.     Officer Bello has been a member of the Marine Corps since 2001 and currently serves in the Marine Corps Reserve with the rank of Staff Sergeant.

23.     At all times relevant herein, Defendants, the Village, Lopez, Scarpelli, Krupnik, Ballowe, and Rigoni, were aware that Officer Bello was a member of the Marine Corps Reserve.

24.     Officer Bello was hired by the Village on or about January 3, 2006 as a police officer.

25.     Officer Bello has satisfactorily performed his duties as a police officer with the Village of Skokie.

26.     Officer Bello has numerous commendations for his service and a lifesaving award awarded by the Chief of Police.

27.     As a member of the Marine Corps Reserve, Officer Bello is required to participate in monthly and annual training. At a minimum, Officer Bello is required to

4

attend training with the Marine Corps at least one weekend a month for three to four days. In addition, Officer Bello is required to attend at least two weeks of annual training.

28.     As a result of the needs of his military unit and his rank, Officer Bello is often required to perform additional military duties.

29.     Employment conditions for police officers employed by the Village are governed by a collective bargaining agreement (CBA) between the Village and the Illinois Fraternal Order of Police Labor Council (FOP), which represents Village police officers.

30.     Among other things, the CBA contains provisions that govern work hours, days off, and leaves of absence.

31.     Section 8.4 of the CBA states that "an employee will normally have 9 regular days off (RDOs) per calendar month."

32.     Article IX of the CBA guarantees employees the right to take different types of leaves of absence, specifically: sick leave, funeral leave, jury leave, military leave, educational leave, and leave under the Family and Medical Leave Act of 1993.

33.     Article X of the CBA guarantees employees the right to take emergency leave.

34.     Article XI of the CBA guarantees employees a certain number of paid vacation days per year.

35.     Under the Village's current scheduling policy, police officers subject to the CBA do not have a set schedule for their nine RDOs each month.

36.     Instead, officers are required to submit their requested RDOs to the Watch Commander a few weeks before the start of each calendar month.

37.     Officers also submit requests for various type of leave, including requests to use paid-vacation days, in the same manner.

38.     The Watch Commander or the Watch Commander's delegate draws up the monthly duty schedule, taking into account officers' requests for leave and RDOs.

39.     The Village and/or one or more of the individual defendants retains ultimate control over which days an officer is scheduled to work or when leave or paid vacation will be granted.

40.     Because of his monthly military obligations, Officer Bello submits a request for military leave each month as part of his duty request for the next calendar month.

41.     Officer Bello regularly requests RDOs that do not coincide with his requests for military leave.

42.     Prior to the Summer of 2012, Officer Bello was regularly granted military leave and was also assigned RDOs each month that were consistent with his requests.

43.     At some point during the Summer of 2012, however, Defendant Krupnik learned of and objected to the Village's then-current military leave scheduling policy

and advocated for a new policy that would require military members to use their RDOs in order to attend to their military obligations rather than being granted military leave.

44. On or about September 12, 2012, Officer Bello met with Defendants Ballowe and Krupnik to discuss the Village's proposed new military leave scheduling policy, which Officer Bello believed disparately affected members of the military.

45. On September 20, 2012, as a follow up to this meeting, Officer Bello submitted a memorandum to Defendants Ballowe, Scarpelli, Lopez, and Krupnik, in which Officer Bello complained that the Village's new military leave scheduling policy violated both state and federal law.

46. On or about May 6, 2013, Officer Bello again communicated with Defendant Ballowe regarding the scheduling of his and another officer's military-leave requests as they related to the provisions of USERRA and the IMLOAA.

47. On or about May 17, 2013, Officer Bello again complained that he and others were being discriminated against in violation of state and federal law based on their military service.

48. On or about May 17, 2013, Defendant Chief Scarpelli told Officer Bello that he was no longer allowed to communicate with Defendant Ballowe regarding military-leave issues.

49. On or about May 17, 2013, in response to Defendant Chief Scarpelli's email and direction to communicate only with Scarpelli and the Deputy Chief about military-

leave issues, Officer Bello set forth his complaints in a formal grievance to Defendant Chief Scarpelli about the Village's military leave scheduling policy violating state and federal law and regulations.

50.     Effective June 2013, the Village instituted its new military leave scheduling policy that required Officer Bello to use his RDOs to cover his military obligations. That is, the Village began to schedule Officer Bello's RDOs to coincide with his requests for military leave rather than granting him military leave, contrary to Officer Bello's requests.

51.     The Village did not institute a similar change in policy for scheduling other forms of leave or paid vacation concurrently with the RDO requests of other, nonmilitary officers.

52.     Each and all Defendants had the authority to approve or deny Officer Bello's requests for military leave and his requests for RDOs, to alter his work schedule, and/or deny Officer Bello's grievances regarding his military leave.

53.     As Chief Administrative Officer, Rigoni had the authority to control all day-to-day operations within the Village.

54.     Chief Scarpetti denied Officer Bello's grievance on June 18, 2013.

55.     In June 2013, Officer Bello submitted a request for military leave for the following month, as well as a request for RDOs that did not coincide with his military obligations.

56. The Village ignored the request and scheduled Officer Bello's RDOs to coincide with his military obligations and did not grant Officer Bello's request for military leave.

57. The Village did not do the same with respect to other, nonmilitary officers' requests for particular RDOs and other types of leave.

58. In each and every month from June 2013 and continuing to the date of this complaint, Officer Bello has requested both military leave and RDOs for the following month that do not coincide with his military obligations.

59. In each and every month from June 2013 and continuing to the date of this complaint, Defendants have ignored Officer Bello's requests and have scheduled his RDOs to coincide with his military obligations rather than granting his request for military leave.

60. In each and every month from June 2013 and continuing to the date of this complaint, Defendants have not done the same for other types of leave and RDOs requested by other, nonmilitary officers.

61. By way of example, in January 2014, another officer was granted three days of bereavement leave and two days of emergency leave in addition to nine RDOs.

62. The other officer's RDOs were not scheduled to coincide with his leave requests.

63. Also for example, in May 2014, another officer was granted leave for ten days of paid vacation in addition to nine RDOs.

64. The other officer's RDOs were not scheduled to coincide with his leave request.

65. Also for example, in May 2014, another officer was granted one day of jury-duty leave in addition to nine RDOs.

66. The other officer's RDOs were not scheduled to coincide with his leave request.

67. Also for example, in May 2014, another officer was granted leave for two days of paid vacation in addition to his nine RDOs.

68. The other officer's RDOs were not scheduled to coincide with his leave request.

69. There are numerous other examples since June 2013 of officers whose non-military leaves were not scheduled to coincide with their RDOs.

70. Defendants' scheduling policy treats members of the military differently than nonmembers.

71. Despite being made aware of the fact that the scheduling policy is discriminatory, Defendants have done nothing to remedy the problem.

72. Following Officer Bello's complaints about the discriminatory military leave policy, on or about late September 2013, Defendants' command staff accused

Officer Bello of misconduct due to Officer Bello's use of an expression commonly used by members of the Marine Corps in order to indicate affirmation, acknowledgment, or readiness.

73.     Officer Bello had regularly used this expression in the presence of Defendants' command staff without incident for many years prior to September 2013.

74.     On or about October 1, 2013, Defendant Krupnik, with the knowledge and consent of the other Defendants, along with other members of the command staff, placed Officer Bello on administrative leave.

75.     On or about October 7, 2013, Defendant Deputy Chief Lopez ordered Officer Bello to meet with him, and advised him that he was to remain on administrative leave.

76.     Defendant Deputy Chief Lopez's actions were with the knowledge and consent of the other Defendants.

77.     In response to Officer Bello's complaints about Defendants violating Officer Bello's rights under USERRA and IMLOAA, and due to his membership in the Marine Corps, Defendants singled Officer Bello out for differential treatment and disciplinary action.

78.     Defendants have not subjected other officers who are not members of the Marine Corps or who have not complained to similar treatment for similar or more egregious alleged violations.

79.     On or about October 14, 2013, Officer Bello was told to report for "desk" (light) duty for October 15, 2013.

80.     The decision to order Officer Bello to report to "desk" duty was made by Defendants or with the knowledge and consent of Defendants.

81.     Other similarly situated police officers were not ordered to "desk" or light duty for similar or more egregious alleged violations.

82.     On or about October 15, 2013, Defendant Deputy Chief Lopez issued a 1-day suspension to Officer Bello for insubordination, which Officer Bello was forced to serve on October 19, 2013.

83.     Prior to Officer Bello complaining that Defendants' scheduling policy violated the law, he had never been suspended.

84.     Other similarly situated police officers were not disciplined or suspended for similar or more egregious alleged violations.

85.     In fact, another officer was recently accused of engaging in excessive force, which was caught on video.

86.     The officer was allowed back on the street after the incident and was not subject to any discipline or placed on administrative leave.

87.     It was not until the allegations became public and the State's Attorney's Office filed criminal charges against the officer that the officer was allowed to resign without facing any disciplinary action.

88.     Defendants and Defendants' command staff and supervisors had knowledge of the complained-of conduct against the other officer but refused or failed to take action to terminate or correct such conduct, although they had the power and authority to do so.


## COUNT I

### (Discrimination in violation of USERRA

### v. All Defendants)

89.     Officer Bello realleges and incorporates the allegations of paragraphs 1 though 88 of this complaint as if set forth fully herein against all Defendants.

90.     USERRA prohibits discrimination in employment against individuals who have been called to duty in the uniformed service.   Specifically 38 U.S.C. § 4311 provides that an employee may not be denied a "benefit of employment" because of the employee's membership in the uniformed service.

91.     The opportunity to select work hours is a "benefit of employment" as that term is broadly defined under § 4303(2) of USERRA, 38 U.S.C. §4303(2).

92.     The Village allows its employees to select their RDOs each month.

93.     The Village allows its employees to request and take various types of leave each month.

94.     The Village requires officers to use their RDOs to cover their military obligations in lieu of granting them military leave.

95.     The Village does not require officers to use their RDOs in lieu of other types of leave.

96.     The Village's scheduling policy discriminates against members of the military by allowing similarly situated non-military employees to select their RDOs without regard to any other leave requests for the same month, while denying that same benefit to military members.

97.     USERRA provides that the term "employer" means any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities. 38 U.S.C. §4303(4)(A). As such, individual supervisors may be held personally liable under USERRA if they have a direct influence over performance related decisions.

98.     Defendants Lopez, Scarpelli, Krupnik, Ballowe, and Rigoni all had decision-making authority over the implementation of the scheduling policy and could approve or deny individual officers' leave requests and RDO requests.

99.     Defendants Lopez, Scarpelli, Krupnik, Ballowe, and Rigoni discriminated against Officer Bello by allowing similarly situated non-military employees to select their RDOs without regard to any other leave requests for the same month, while denying that same right to members of the military such as Officer Bello.

100.    Officer Bello's military service was a motivating factor in Defendants' actions.

101.    Defendants' violations of USERRA were willful as defined under 38 U.S.C. § 4323(d)(1)(C).

102.    As a direct and proximate cause of Defendants' actions, Officer Bello has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, damage to professional reputation, undue pain and suffering, and emotional distress.

WHEREFORE, based on the foregoing, Officer Bello demands judgment as follows:

A.    A declaratory judgment that the Village's scheduling policy violates USERRA;

B.    Compensatory damages, including but not limited to, back-pay and actual damages, loss of past and future earnings, emotional distress, damage to professional reputation, humiliation, embarrassment, and pain and suffering;

C.    Liquidated damages;

D.    An order requiring compliance pursuant to 38 U.S.C. § 4323(d)(1)(A);

E.    Costs of suit, inclusive of reasonable attorneys' fees, expert witness fees, and other litigation expenses;

15

F.      Interest, costs and disbursements; and

G.      Such other and further relief as the Court may deem just and proper.


**COUNT II**

**(Retaliation in violation of USERRA**

**v. All Defendants)**

103.    Officer Bello realleges and incorporates the allegations of paragraphs 1 though 88 of this complaint as if set forth fully herein.

104.    USERRA prohibits retaliation against anyone who takes action to enforce a protection afforded an individual under USERRA or for having exercised a right provided for under USERRA. Specifically, Section 4311(b) provides that an employer may not discriminate in employment or take any adverse employment action against any person regardless of whether they have performed service in the uniformed service. 38 U.S.C. §4311(b).

105.    Officer Bello exercised a right under USERRA by requesting military leave and demanding to be treated the same as other similarly situated officers under the Village's scheduling policy.

106.    Officer Bellow attempted to enforce his rights under USERRA by filing complaints and grievances about Defendant's military leave scheduling policy.

107.    The Village retaliated against Officer Bello for asserting and attempting to enforce his rights under USERRA.

108.    Defendants Lopez, Scarpelli, Krupnik, Ballowe, and Rigoni further retaliated against Officer Bello after Officer Bello complained and filed a grievance regarding the Village's practice of requiring military members to use their RDOs to cover their military obligations in lieu of military leave.

109.    Officer Bello's military service was a motivating factor in Defendants' actions.

110.    Defendants' retaliatory actions were as defined under 38 U.S.C. §4323(d)(1)(C).

111.    As a direct and proximate cause of Defendants' actions, Officer Bello has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, damage to professional reputation, undue pain and suffering, and emotional distress.

WHEREFORE, based on the foregoing, Officer Bello demands judgment as follows:

A.    Compensatory damages, including but not limited to, back-pay and actual damages, loss of past and future earnings, emotional distress, damage to professional reputation, humiliation, embarrassment, and pain and suffering;

17

B.      Liquidated damages;

C.      An order requiring compliance pursuant to 38 U.S.C. § 4323(d)(1)(A);

D.      Costs of suit, inclusive of reasonable attorneys' fees, expert witness fees, and other litigation expenses;

E.      Interest, costs and disbursements; and

F.      Such other and further relief as the Court may deem just and proper.

## COUNT III

**(Violations of the First Amendment Free Association Clause**

**Pursuant to 42 U.S.C. § 1983**

**v. All Defendants)**

112.    Officer Bello realleges and incorporates the allegations of Paragraphs 1 through 88 of this complaint as if set forth fully herein.

113.    At all times relevant hereto, one or more of the individual Defendants had final policy-making authority for the Village and was responsible for adopting the scheduling policy on the Village's behalf.

114.    Additionally, each Defendant had input and control over whether an officer's leave requests would be granted and when an officer's RDOs would be scheduled.

115.    Officer Bello is entitled to the right to freedom of association under the

First Amendment to the U.S. Constitution.

116.    The Marine Corps is an expressive association within the meaning of the First Amendment.

117.    Officer Bello's membership in the U.S. Marine Corps was a motivating factor in Defendants' decision to adopt and implement the Village's new scheduling policy.

118.    Each Defendant infringed on Officer Bello's right to freedom of association under the First Amendment, in violation of 42 U.S.C. § 1983, by implementing the Village's scheduling policy in a manner that discriminates against military service members, by retaliating against Officer Bello when he complained that the scheduling policy was discriminatory against military service members, and by taking an adverse employment action against Officer Bello due to his expressed affiliation with the Marine Corps.

119.    The Village infringed on Officer Bello's right to free association under the First Amendment, in violation of 42 U.S.C. § 1983, by adopting a scheduling policy that discriminates and against members of the military or, alternatively, by maintaining a scheduling custom or practice that discriminates against members of the military.

120.    The individual Defendants intentionally discriminated and retaliated against Plaintiff with malice or reckless indifference to Plaintiff's right to free association.

121.    The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, based on the foregoing, Officer Bello demands judgment as follows:

A.    Back-pay and actual damages, including but not limited to loss of past and future earnings, damage to professional reputation, humiliation, embarrassment, and pain and suffering;

B.    Compensatory damages in an amount to be determined at trial;

C.    A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

D.    A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment and non-retaliation of employees;

E.    A declaratory judgment that Defendants' actions violate the Fourteenth Amendment to the United States Constitution;

F.    The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained

of herein and are determined to be in full compliance with the law;

G.      Punitive damages as allowed by law as against the individual Defendants

        only;

H.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

I.      Such other relief as the Court may deem just or equitable.


## COUNT IV

**(Violations of the Fourteenth Amendment Equal Protection Clause**

**pursuant to 42 U.S.C. § 1983**

**v. All Defendants)**

122.    Officer Bello realleges and incorporates the allegations of Paragraphs 1 through 88 of this complaint as if set forth fully herein.

123.    At all times relevant hereto, one or more of the individual Defendants had final policy-making authority for the Village and was responsible for adopting the scheduling policy on the Village's behalf.

124.    Additionally, each Defendant had input and control over whether an officer's leave requests would be granted and when an officer's RDOs would be scheduled.

125.    Officer Bello is entitled to equal protection of the law under the Fourteenth Amendment to the U.S. Constitution.

126.     Each Defendant denied Officer Bello's right to equal protection under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983, by implementing the Village's scheduling policy in a manner that discriminates against military service members, and by retaliating against Officer Bello when he complained that the scheduling policy was discriminatory.

127.     The Village denied Officer Bello's right to equal protection under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983, by adopting a scheduling policy that discriminates and against members of the military or, alternatively, by maintaining a scheduling custom or practice that discriminates against members of the military.

128.     Each Defendant intentionally retaliated against Plaintiff with malice or reckless indifference to Plaintiff's right to equal protection under the Fourteenth Amendment.

129.     The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, based on the foregoing, Officer Bello demands judgment as follows:

A.     Back-pay and actual damages, including but not limited to loss of past and future earnings, damage to professional reputation, humiliation,

embarrassment, and pain and suffering;

B.      Compensatory damages in an amount to be determined at trial;

C.      A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

D.      A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment and non-retaliation of employees;

E.      A declaratory judgment that Defendants' actions violate the Fourteenth Amendment to the United States Constitution;

F.      The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G.      Punitive damages as allowed by law as against the individual Defendants only;

H.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

I.      Such other relief as the Court may deem just or equitable.

## COUNT V

**(Violation of the Illinois Whistleblower Act**

**v. All Defendants)**

130.     Officer Bello realleges and incorporates the allegations of Paragraphs 1 through 88 of this complaint as if set forth fully herein.

131.     Officer Bello had reasonable cause to believe that the Village's scheduling policy violated a state or federal law, rule or regulation.

132.     Officer Bello reported to the Village, through the individual Defendants, that he believed the scheduling policy violated a state or federal law, rule or regulation.

133.     The individual Defendants, acting within the scope of their authority and as officers, agents, or delegees of the Village, retaliated against Officer Bello in the terms and conditions of his employment because he reported what he believed was a violation of state or federal law, rule or regulation.

134.     As a result, Officer Bello has suffered substantial losses as a result, including, but not limited to, lost wages and benefits, mental and emotional anguish and embarrassment and humiliation.

WHEREFORE, based on the foregoing, Officer Bello demands judgment as follows:

A.     Enter judgment against Defendants, declaring that Defendants have violated the Illinois Whistleblower Act;

B.      Permanently enjoin Defendants from continuing to violate Plaintiff's rights under Illinois law, by ordering defendants to: stop engaging in the retaliatory practices complained of herein; and adopt employment practices and policies in accord and conformity with the requirements of state law;

C.      Award Plaintiff compensatory damages in amounts that will reasonably compensate him for his losses;

D.      Assess punitive damages against the individual Defendants;

E.      Award Plaintiff his costs and attorneys' fees in this action; and

F.      Grant such further and other relief as is just and proper.

Respectfully submitted,

BALDO BELLO


*s/James G. Vanzant*
_____
Attorney for Plaintiff

*Electronically filed on June 12, 2014*

Dana L. Kurtz (ARDC # 6256245)          Michael W. Macomber (*pro hac vice*)
James G. Vanzant (ARDC # 6304196)       TULLY RINCKEY, P.L.L.C.
KURTZ LAW OFFICES, LTD                  441 New Karner Rd.
32 Blaine Street                        Albany, New York 12205
Hinsdale, Illinois 60521                Phone: 518.218.7100
Phone:  630.323.9444                    Facsimile: 518.218.0496
Facsimile:  630.604.9444                E-mail: mmacomber@tullylegal.com
E-mail:  dkurtz@kurtzlaw.us
E-mail:  jvanzant@kurtzlaw.us